Original

PETITION FOR A WRIT OF HABEAS CORPUS BY A PERSON IN STATE CUSTODY

Name: **Porter**, **Jeremy** **N**
LAST, FIRST, MIDDLE INITIAL

Prisoner Number: **CDCR # AL6771**

Institutional Address: **Kern Valley State Prison, PO Box 5103, Delano, CA 93216**

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

**Jeremy Porter**,

Petitioner,

vs.

**Martin Biter, Warden**

Respondent(s).

Case Number: **CV16 733**
(Provided by the Clerk upon filing)

PETITION FOR A WRIT OF HABEAS CORPUS

FILED FEB 12 2016
SUSAN Y. SOONG
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

(PR) NC

I. INFORMATION ABOUT YOUR CONVICTION AND SENTENCE

A. What sentence are you challenging in this petition?

1. Name and location of court that imposed sentence (for example; Alameda County Superior Court, Oakland):

2. Court **Contra Costa County, Superior Court**

3. Location **PO Box 911**

4. Case number, if known **5100 7491**

5. Date and terms of sentence **00- years to Life**

6. Are you now in custody serving this term? ("In custody" means in jail, on parole or probation, etc.) ........................................................................................ YES ☒ NO ☐

Petition for a writ of Habeas Corpus

1

If yes, provide name and address of institution:

Kern Valley State Prison
PO Box 5103, Delano, CA 93216

B. For what crime were you given this sentence?

*Note:* If your petition challenges a sentence for more than one crime, list each crime separately using Penal Code numbers, if known. If you are challenging more than one sentence, you should file a different petition for each sentence.

2nd degree murder; possession of a firearm; ex-felon in possession of a firearm.

C. Did you have any of the following proceedings?

Arraignment: ................................................................................ YES ☒ NO ☐
Preliminary Hearing: ..................................................................... YES ☒ NO ☐
Motion to Suppress: ...................................................................... YES ☐ NO ☒

D. How did you plead? ............................ Guilty ☐  Not Guilty ☒  Nolo Contendere ☐

Any other plea (specify) _____

E. If you went to trial, what kind of trial did you have?

Jury ☒   Judge alone ☐   Judge alone on a transcript ☐

F. Did you testify at your trial? ............................................................ YES ☐ NO ☒

G. Did you have an attorney at the following proceedings:

1. Arraignment ............................................................................. YES ☒ NO ☐
2. Preliminary hearing .................................................................. YES ☒ NO ☐
3. Time of plea ............................................................................. YES ☐ NO ☒
4. Trial ......................................................................................... YES ☒ NO ☐
5. Sentencing ............................................................................... YES ☒ NO ☐
6. Appeal ..................................................................................... YES ☒ NO ☐
7. Other post-conviction proceeding ............................................ YES ☐ NO ☒

H. Did you appeal your conviction? ..................................................... YES ☒ NO ☐

1. If you appealed, to what court(s) did you appeal?

2

*Petition for a writ of Habeas Corpus*

Court of Appeal................................................ YES ☒ Year: 2013 NO ☐
Result: _denied_

Supreme Court of California........................... YES ☒ Year: 2014 NO ☐
Result: _denied_

Any other court ............................................... YES ☐ Year: ____ NO ☒
Result: _N/A_

2. If you appealed, were the grounds the same as those that you are raising in this petition?..................................................................................................... YES ☒ NO ☐

3. Did the court issue an opinion?.................................................... YES ☒ NO ☐

4. Did you seek permission to file a late appeal under Rule 31(a)?........ YES ☐ NO ☒

   If you did, give the name of the court and the result: _N/A_

I. Other than appeals, have you previously filed any petitions, applications or motions with respect to this conviction in any court, state or federal?............................ YES ☐ NO ☒

*Note:* If you previously filed a petition for a writ of habeas corpus in federal court challenging the same conviction you are challenging now and if that petition was denied or dismissed with prejudice, you must first file a motion in the United States Court of Appeals for the Ninth Circuit for an order authorizing the district court to consider this petition. You may not file a second or subsequent federal habeas petition without first obtaining such an order from the Ninth Circuit. 28 USC § 2244(b).

If you sought relief in any proceeding other than an appeal, answer the following questions for each proceeding. Attach extra paper if you need more space.

1. Name of court: _N/A_

   Type of proceeding: _N/A_

   Grounds raised (be brief but specific):

   a. _N/A_
   b. _N/A_
   c. _N/A_
   d. _N/A_

   Result: _N/A_   Date of result: ____

3

*Petition for a writ of Habeas Corpus*

2. Name of court: ___N/A___
   Type of proceeding: ___N/A___
   Grounds raised (be brief but specific):
   a. ___N/A___
   b. ___N/A___
   c. ___N/A___
   d. ___N/A___
   Result: ___N/A___ Date of result: ___N/A___

3. Name of court: ___N/A___
   Type of proceeding: ___N/A___
   Grounds raised (be brief but specific):
   a. ___N/A___
   b. ___N/A___
   c. ___N/A___
   d. ___N/A___
   Result: ___N/A___ Date of result: ___N/A___

4. Name of court: ___N/A___
   Type of proceeding: ___N/A___
   Grounds raised (be brief but specific):
   a. ___N/A___
   b. ___N/A___
   c. ___N/A___
   d. ___N/A___
   Result: ___N/A___ Date of result: _____

J. <u>Is any petition, appeal or other post-conviction proceeding now pending in any court?</u>
................................................................................ YES ☐  NO ☒
   Name and location of court: ___N/A___

## II. GROUNDS FOR RELIEF

State briefly every reason that you believe you are being confined unlawfully. Give facts to support each claim. For example, what legal right or privilege were you denied? What happened? Who made the error? Avoid legal arguments with numerous case citations. Attach extra paper if you need more space. Answer the same questions for each claim.

*Note:* You must present ALL your claims in your first federal habeas petition. Subsequent petitions may be dismissed without review on the merits. 28 USC § 2244(b); *McCleskey v. Zant*, 499 U.S. 467, 111 S. Ct. 1454, 113 L. Ed. 2d 517 (1991).

Claim One: *(See Attached Writ)*

Supporting facts: *(See Attached Writ)*

Claim Two: *(See Attached Writ)*

Supporting facts: *(See Attached Writ)*

Claim Three: *(See Attached Writ)*

Supporting facts: *(See Attached Writ)*

If any of these grounds was not previously presented to any other court, state briefly which grounds were not presented and why: N/A

Petition for a writ of Habeas Corpus

5

1
2
3  List, by name and citation only, any cases that you think are close factually to yours so that they
4  are an example of the error you believe occurred in your case. Do not discuss the holding or
5  reasoning of these cases: _(See Attached Writ)_
6
7
8
9  Do you have an attorney for this petition?................................................................. YES ☐ NO ☒
10 If you do, give the name and address of your attorney: _N/A_
11
12
13 WHEREFORE, petitioner prays that the Court grant petitioner relief to which s/he may be
14 entitled in this proceeding. I verify under penalty of perjury that the foregoing is true and correct.
15 Executed on:
16
    X _1-13-16_              X _Jeremy Porter_
17         Date                  Signature of Petitioner
18
19 PLEASE CONTINUE TO THE NEXT PAGE →
20
21
22
23
24
25
26
27
28

6

*Petition for a writ of Habeas Corpus*

CONSENT OR DECLINATION TO
MAGISTRATE JUDGE JURISDICTION

*Instructions:* Please indicate below by checking one of the two boxes whether you choose to consent or decline to consent to magistrate judge jurisdiction in this matter. Sign this form below your selection.

☑   **Consent** to Magistrate Judge Jurisdiction

In accordance with the provisions of 28 USC § 636(c), I voluntarily **consent** to have a United States magistrate judge conduct all further proceedings in this case, including trial and entry of final judgment.

OR

☐   **Decline** Magistrate Judge Jurisdiction

In accordance with the provisions of 28 USC § 636(c), I **decline** to have a United States magistrate judge conduct all further proceedings in this case, including trial and entry of final judgment.

Executed on:

X  1-13-16                    X  Jeremy Porter
   Date                          Signature of Petitioner

Petition for a writ of Habeas Corpus

JEREMY PORTER
CDCR# AL6771
Kern Valley State Prison
Po Box 5103-C5202
Delano, CA 93216

Petitioner In pro se

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEREMY PORTER,<br>Petitioner,<br><br>vs.<br><br>MARTIN BITER, Warden<br>Respondent. | No._____<br><br>PETITION FOR WRIT OF<br>HABEAS CORPUS<br>(28 U.S.C. §2254) |

## I.
### INTRODUCTION

Petitioner, Jeremy Porter appearing in propria persona hereby petition this honorable court challenging his unlawful conviction in a state court in violation of his constitutional rights guaranteed under the United States Constitution.

## II.
### JURISDICTION

This honorable court has jurisdiction to review, assess and make a

judgement with respect to Petitioner's claims raised herein pursuant to Title 28 U.S.C. §2254.

### III.
### STATEMENT OF THE CASE

Petitioner was charged in a two-count information filed in Contra Costa County Superior Court on July 2, 2010. Count one charged Petitioner with the murder of Irma Flores on March 26, 2010 in violation of California Penal Code section 187. The information alleged that, in the commission of the offense, Petitioner used and personally discharged a firearm within the meaning of section 12022.53. Count two charged Petitioner with possession of a friearm, having been convicted of a felony in violation of section 12021. The information further allege that Petitioner had suffered a prior serious felony conviction under the California "Three Strikes Law" and under section 667. Petitioner was tried by a jury between January 30 and February 28, 2012. The jury found Petitioner not guilty of first-degree murder and guilty of second degree murder on count one, and guilty on count two. Trial with respect to Petitioner's prior conviction was bifurcated, and the court found the prior conviction true. Trial counsel moved for a new trial on the grounds of insufficiency of evidence and that he was ineffective for failing to investigate Petitioner's mental illness. On May 11, 2012 the court denied said motion and sentenced Petitioner to a total of 60-years to life imprisonment. The California Court of Appeals and the California Supreme Court affirmed Petitioner's conviction.

### IV.
### STATEMENT OF FACTS
(Ground 1)

**PETITIONER WAS DENIED HIS CONSTITUTIONAL RIGHTS TO EFFECTIVE ASSISTANCE OF COUNSEL IN VIOLATION OF THE SIXTH AND FOURTEENTH AMENDMENT TO THE UNITED STATES CONSTITUTION.**

1. On April 8, 2010 Petitioner was arrested by the Richmond Police Department and later charged with murder(PC 187); use and personally discharged a firearm (PC 12022.53); convicted felon in possession of a firearm (PC 12021); and subject to the California "Three Strikes Law"(PC 997).

2. Petitioner was later ~~arrigned~~ ARRAIGNED in the Contra Costa County Superior Court for said charges and the court appointed attorney, Tim Ahearn to represent Petitioner. Petitioner later fired attorney, Ahearn and hired attorney, Linda Fullerton with the financial payments made by Petitioner's mother. Attorney, Fullerton voluntarily withdrawn from Petitioner's case due to a conflict of interest and the court appointed attorney, John Christopher Weir to represent Petitioner in the criminal matter.

3. When the court appointed attorney, Weir to represent Petitioner, he came to the Martinez County Jail to meet with Petitioner, at which time he informed Petitioner about the pending criminal charges and had a very brief discussion with Petitioner about the pros and cons of his criminal case. At said meeting attorney, Weir asked Petitioner if he understood the charges and the serious nature of the possible consequences he faced if found guilty of said charges.

4. Petitioner informed attorney, Weir that he ~~do~~ DOES not understand complex legal matters and procedures related to the crimes charged. Nor did Petitioner know or understand the dynamics of all the charges he faced. Petitioner told attorney, Weir to do his very best to represent Petitioner's best legal interest in the pending criminal matter.

5. The second time attorney, Weir came to visit Petitioner he told Petitioner that he reviewed all the police reports and asked Petitioner what happened with respect to the incident related to the crimes charged in the information. Petitioner discussed the matter with attorney, Weir and also expressed that Petitioner has had ongoing mental-health issues since his early childhood to the present date. Petitioner informed attorney, Weir that he has been examined by numerous psychologi~~st~~ numerous times concerning his mental-health problems, and there is documentation related to Petitioner's mental-health issues dating back to his early childhood.

6. Prior to Petitioner jury trial, attorney, Weir did not conduct any investigation into Petitioner's mental-health problems to analyze or assess if Petitioner's mental problems could have been a determinate cause or factor with respect to the criminal acts Petitioner allegedly commited.

7. Had attorney, Weir conducted an investigation into Petitioner's mental-health problems, he may have discovered that there was some evidence to support a defense strategy related to Petitioner's mental-health in his defense or mitigation of the charged crimes. Since he did'nt ~~con~~

conduct any investigation concerning Petitioner's mental-health prior to trial, his legal performance fell well below AN objective standard of reasonableness as a licensed attorney. Thus depriving Petitioner his constitutional right to effective legal representation, guaranteed under the Sixth Amendment to the United States Constitution.

8. Following the guilty verdict at Petitioner's jury trial attorney, Weir moved the trial court for a new trial on the grounds that Petitioner was deprived of a fair trial by the ineffectiveness of his trial counsel. Thus admitting to the court that his performance fell below the minimum standard of reasonably competent attorney in that he failed to investigate valid defenses related to Petitioner's mental illness, neurological damage, long term substance abuse and intoxication.

9. Attorney, Weir attached an appended to the motion declaring in part that he had practiced criminal law since 1988 and had represented Petitioner since September 2011. He declared that he was aware that voluntary intoxication, neurological defects and mental illness may form the basis for a defense to a charge of murder. Attorney, Weir declared that prior to trial Petitioner at least twice asked him how drugs and/or alcohol intoxication might impact his defense, but attorney, Weir did not answer his INQUIRY. Attorney, Weir also declared that prior to trial he "did not" investigate Petitioner's mental health or substance abuse history.

10. Attorney, Weir was informed by Petitioner's mother that he had a significant long-standing mental health history. Nevertheless, attorney Weir undertook no efforts during the balance of the trial to investigate that issue, nor asked for a delay in the proccedings to do so.

11. Following trial, attorney, Weir obtained mental health records from several sources and received social history information from Petitioner's family and friends. Attorney, Weir had Petitioner evaluated by forensic psychologist, John Watts Podboy, Ph.D. Those records and Dr. Poyboy's evaluation revealed psycholgical symptoms and attempts at treatment of Petitioner since his early childhood as well as possible brain damage from a traumatic birth, injuries and chronic substance abuse.

12. Had attorney, Weir presented evidence during trial about Petitioner's mental health issues the court would have had to give the jury a voluntary manslaughter instruction, which could have changed the outcome of the verdict. Thus Petitioner suffered prejudice AS a result of attorney, Weir's ineffective legal representation.

4.

13. Attorney, Weir was not confronted with a strategic decision with repect to Petitioner's defense because he conducted ABSOLUTELY no investigation whatsoever concerning Petitioner's mental health history until AFTER trial.

14. Attorney, Weir did not present a defense at all for Petitioner. During trial he made the assertion that somebody else shot the victim in this case, but he did not present an "alibi defense" for Petitioner to support his assertion that somebody else did the shooting.

(Ground 2)
## THE STATE COURT VIOLATED PETITIONER'S FEDERAL CONSTITUTIONAL RIGHT TO DUE PROCESS BY DENYING HIS DE FACTO "ROMERO" MOTION.

15. Prior to sentencing Petitioner, his incompetent trial attorney filed a sentencing memorandum in which he noted that Petitioner had a prior felony conviction which would permit the court to double his sentence under the California "Three Strikes Law", but that the court has the discretion to not impose the prescribed sentence doubling.

16. Petitioner's trial counsel urged the court to sentence Petitioner to the minimum of 45-years to life. Trial counsel did not specifically cite the case of "People v. Superior Court(Romero)(1996) 13 Cal.4th 497; this was in effect a Romero motion.

17. The trial court did not rule on Petitioner's trial counsel's request. The trial court simply sentenced Petitioner to 60-years to life, stating that the sentence was based on the law that the court was required to impose.

18. The record in the matter does not indicate that the judge was aware that he did have the discretion to impose a lesser sentence and was not "required" to double the 15-to-life term pursuant to the California "Three Strikes Law".

19. The California Court of Appeals that reviewed Petitioner's case concerning this claim ruled that Petitioner forfeited any argument as to whether the trial court did not exercise its discretion in failing to strike Petitioner's prior conviction.

20. For this claim to be forfeited merely because Petitioner's trial counsel did not utter the word "Romero", although he did ask that the "Three

Strikes Law" not be imposed, would be an unreasonable triumph of form over substance which should not be condoned. Petitioner's trial counsel was ineffective for failing to label his request a "Romero" motion.

21. Petitioner has a constitutional right to have full and adequate sentencing hearing and consideration with a clear indication that the sentencing court understood its discretion. The trial court did not rule on Petitioner's request in effect to strike his prior serious felnoy conviction and to sentence him to 45-years to life imprisonment. The trial court gave no indication that it understood it had discretion to strike the conviction.

22. Petitioner was entitiled to sentencing decisions made in the exercise of the informed discretion of the sentencing court, which in Petitioner's case the sentencing court did not apply its discretion whatsoever. Had Petitioner's trial counsel raised a "Romero" claim and if the trial court understood the scope of its discretion, there was a reasonable possibility the sentencing court would have struck Petitioner's prior conviction and sentenced him to 45-years to life imprisonment.

23. The trial court decided Petitioner's de facto "Romero" motion without giving meaningful consideration to these factors which were relevant to the question of whether Petitioner was a person, at least in part, outside the spirit of the "Three Strikes Law". The difference between a sentence of 45-years to life and 60-years to life is substantial in Petitioner's case.

(Ground 3)
PETITIONER'S FEDERAL CONSTITUTIONAL RIGHTS WERE
DENIED WHEN MEMBERS OF THE JURY OBSERVED HIM
SHACKLED AND IN JAIL CLOTHING.

24. At a very crucial point in Petitioner's trial, immediately before the trial court instructed the jury and the parties gave their closing arguments, Petitioner was walked across the hall in the presence of the jury in his jail clothes and while shackled, thus giving the jury the indication and assumption that Petitioner was incarcerated thereby guilt for the charged crimes can be inferred.

25. Petitioner's trial counsel moved the court with a motion for a mistrial on the grounds that the jury observed Petitioner in jail clothing and the fact that the trial court did not instruct to the jury that

Petitioner shall be presumed innocent despite the fact that the jurors observed Petitioner in jail clothing. Trial counsel's motion was denied.

26. The trial court's failure to take any steps whatsoever after the court became aware that jurors had observed Petitioner shackled and in jail clothing in the hallway outside the courtroom violated Petitioner's federal and state constitutional rights to due process and a fair trial by an unbiased jury.

27. Petitioner was prejudice because he was observed by jurors wearing jail clthing while being shackled, which any reasonable person would infer that Petitioner was guilty of the crimes charged because he was in custody.

Petitioner, Jeremy Porter declare under the penalty of perjury that the foregoing is true and correct

Executed on the 13th day of January 2016

/s/ Jeremy Porter
Jeremy Porter
Petitioner

# PROOF OF SERVICE BY MAIL

## BY PERSON IN STATE CUSTODY

I, _Jeremy Porter_, declare:

I am over 18 years of age and a party to this action. I am a resident of _Kern Valley State Prison_ in the county of _Kern_, State of California. My prison address is: _PO Box 5103, Delano, CA. 93216_.

On _____ (DATE),

I served the attached: _Petition for Writ of Habeas Corpus_ (DESCRIBE DOCUMENT)

on the parties herein by placing true and correct copies thereof, enclosed in a sealed envelope, with postage thereon fully paid, in the United States Mail in a deposit box so provided at the above-named correctional institution in which I am presently confined. The envelope was addressed as follows:

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on X _____ (DATE)    X _Jeremy Porter_ (DECLARANT'S SIGNATURE)