UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

JEREMY PORTER,

    Petitioner,

v.

MARTIN BITER,

    Respondent.

No. C 16-0733 NC (PR)

**ORDER TO SHOW CAUSE; ORDER GRANTING MOTION FOR LEAVE TO PROCEED IN FORMA PAUPERIS**

(Docket Nos. 2, 4)

## INTRODUCTION

Jeremy Porter, a California state prisoner proceeding *pro se*, filed an amended petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging his convictions from Contra Costa County Superior Court.[1] Petitioner's motions for leave to proceed in forma pauperis are GRANTED. His petition is now before the Court for review pursuant to 28 U.S.C. § 2243 and Rule 4 of the Rules Governing Section 2254 Cases. For the reasons stated below, the Court orders Respondent to show cause why the petition should not be granted.

## BACKGROUND

In 2012, Petitioner was convicted after a jury trial of second degree murder and possession of a firearm. He was sentenced to a term of 60 years to life in state prison. Petitioner unsuccessfully appealed to the California Court of Appeal, and filed an

---

[1] Petitioner has consented to magistrate judge jurisdiction. (Docket No. 1 at 7.)

unsuccessful petition for review in the California Supreme Court. The instant action was filed on February 12, 2016.

## DISCUSSION

### A. Standard of Review

This Court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). A district court considering an application for a writ of habeas corpus shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243. Summary dismissal is appropriate only where the allegations in the petition are vague or conclusory, palpably incredible, or patently frivolous or false. *See Hendricks v. Vasquez*, 908 F.2d 490, 491 (9th Cir. 1990).

### B. Legal Claims

As grounds for federal habeas relief, Petitioner claims: (1) trial counsel rendered ineffective assistance of counsel by failing to investigate and present a mental health defense; (2) trial counsel rendered ineffective assistance for failing to properly make a motion pursuant to *People v. Romero*, 13 Cal.4th 497 (1996); and (3) he was denied a fair trial when the jury saw him shackled and in prison clothing. Liberally construed, these claims are sufficient to warrant an answer from Respondent.

Petitioner also raised the claim that the trial court did not understand its authority when it denied Petitioner's *Romero* motion. However, whether or not the trial court correctly used its discretion in denying Petitioner's *Romero* motion is a matter of state, not federal, law. *See Brown v. Mayle*, 283 F.3d 1019 (9th Cir. 2002), *overruled on other grounds*, 538 U.S. 901 (2003) (a trial court's refusal to exercise its discretion and strike prior felony convictions is not cognizable on federal habeas review). State law claims are not remediable on federal habeas review, even if state law was erroneously interpreted or applied. *See*

*Swarthout v. Cooke*, 131 S. Ct. 859, 861-62 (2011).  Accordingly, the Court finds that Petitioner's *Romero* claim is not cognizable on federal habeas review, and it is dismissed.

## CONCLUSION

For the foregoing reasons and for good cause shown:

1.  The Clerk of the Court is directed to serve a Magistrate Judge jurisdiction consent form, a copy of this Order, and the amended petition, and all attachments thereto, on Respondent and Respondent's attorney, the Attorney General of the State of California. Respondent shall file his Magistrate Judge jurisdiction consent form no later than **thirty (30) days** from the filing date of this Order.

2.  Respondent is directed to file with the Court and serve on Petitioner, within **ninety (90)** days of the issuance of this order, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be granted based on the claims found cognizable herein.  Respondent must file with the answer and serve on Petitioner a copy of all portions of the state trial record that have been transcribed previously and that are relevant to a determination of the issues presented by the petition.

If Petitioner wishes to respond to the answer, he must do so by filing a traverse with the Court and serving it on Respondent within **thirty (30)** days of the date the answer is filed.

3.  Respondent may file, within **ninety (90)** days, a motion to dismiss on procedural grounds in lieu of an answer, as set forth in the Advisory Committee Notes to Rule 4 of the Rules Governing Section 2254 Cases.  If Respondent files such a motion, Petitioner must file with the Court and serve on Respondent an opposition or statement of non-opposition within **twenty-eight (28)** days of the date the motion is filed, and Respondent must file with the Court and serve on Petitioner a reply within **fourteen (14)** days of the date any opposition is filed.

4.  Petitioner is reminded that all communications with the Court must be served on Respondent by mailing a true copy of the document to Respondent's counsel.  Petitioner must keep the Court informed of any change of address and must comply with the Court's

3

orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

IT IS SO ORDERED.

DATED: April 27, 2016

NATHANAEL M. COUSINS
United States Magistrate Judge

4