UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEREMY PORTER,<br><br>    Petitioner,<br><br>    v.<br><br>MARTIN BITER,<br><br>    Respondent. | Case No. 16-cv-00733-WHO (PR)<br><br>**ORDER DENYING MOTION FOR AN EVIDENTIARY HEARING;**<br><br>**ORDER DENYING MOTION FOR THE APPOINTMENT OF COUNSEL**<br><br>Dkt. Nos. 15 and 16 |

This order addresses two motions filed by habeas petitioner Porter.

His motion for an evidentiary hearing (Dkt. No. 15) is DENIED as premature. After the Court assesses the merits of the petition, it will decide whether to hold an evidentiary hearing.

Porter moves for the appointment of counsel. (Dkt. No. 16.) He contends that he lacks money to hire an attorney, the case presents complex legal issues, and he would be better served if an attorney would be appointed.

There is no right to counsel in habeas corpus actions. *See Knaubert v. Goldsmith*, 791 F.2d 722, 728 (9th Cir. 1986). A district court is authorized under 18 U.S.C. § 3006A (a)(2)(B) to appoint counsel to represent a habeas petitioner whenever "the court determines that the interests of justice so require" and such person is financially unable to obtain representation. The decision to appoint counsel is within the discretion of the

1  district court, *see Chaney v. Lewis*, 801 F.2d 1191, 1196 (9th Cir. 1986), and should be
2  granted only when exceptional circumstances are present.  *See generally* 1 J. Liebman &
3  R. Hertz, *Federal Habeas Corpus Practice and Procedure* § 12.3b at 383-86 (2d ed.
4  1994).

5  In the Ninth Circuit, roughly one-third of new civil litigants in district court are not
6  represented by counsel.  United States Courts for the Ninth Circuit, 2014 Annual Report 39
7  (2015), available at http://www.ce9.uscourts.gov/publications/AnnualReport2014.pdf.
8  Most, but by no means all, of these litigants are incarcerated.

9  There is no doubt that not having a lawyer puts a party at a disadvantage in our
10  adversarial system of justice, and the high percentage of civil litigants who cannot afford
11  one threatens our ability to dispense equal justice to rich and poor alike, as the judicial oath
12  demands.  That said, I am compelled to follow controlling precedent and determine if
13  "exceptional circumstances" exist to appoint counsel in the cases before me.

14  Porter has not shown that exceptional circumstances exist.  His lack of money and
15  legal knowledge are not exceptional --- indeed, they are all too common circumstances for
16  prisoner-petitioners.  In addition, this suit does not appear at this stage to present factually
17  or legally complex issues.  Accordingly, the motion is DENIED.

18  **Porter is reminded that his traverse, if he wishes to file one, is due on or before**
19  **December 15, 2016.**

20  The Clerk shall terminate Dkt. Nos. 15 and 16.

21  **IT IS SO ORDERED.**

22  **Dated:**  November 17, 2016



WILLIAM H. ORRICK
United States District Judge